# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TANGELA D. SEAL | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:11CV390HSO-RHW |
| | § | |
| SHAPIRO & MASSEY, LLP, ET AL. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE COMES BEFORE THE COURT upon the Motion of Tangela Seal ["Plaintiff"] filed October 31, 2011 [9], to Remand the above styled and numbered civil action to the Circuit Court of Harrison County, Mississippi, First Judicial District. Defendant Shapiro & Massey, LLP ["Shapiro & Massey"], filed a Response in Opposition [18], on November 17, 2011. Defendant JP Morgan Chase Bank ["Chase"], filed a Response in Opposition [16], on November 17, 2011. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be denied.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit on September 16, 2011, in the Circuit Court of Harrison County, Mississippi, First Judicial District. Compl. [1-1], att. as Ex. 1 to Notice of Removal. Plaintiff's Complaint asserts claims for "wrongful disclosure," slander of title, private nuisance, and violation of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ["FDCPA"], relating to a February 2, 2002,

-1-

mortgage loan in the principal amount of $73,792.00, which Plaintiff and James R. Seal entered into with Long Beach Mortgage Company. Compl., [1-1], ¶ 35-56, at pp. 6-9. Specifically, Plaintiff asserts that the real property that secured the mortgage loan was "willfully, recklessly, and negligently foreclosed upon on April 22, 2011." Compl., [1-1], ¶¶ 22, 27 at pp. 4-5.

Chase removed the case to this Court on October 18, 2011, contending that removal was proper pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. According to Chase's Notice of Removal, Shapiro & Massey were fraudulently joined as Defendants, such that they should be disregarded for purposes of determining jurisdiction. *See* Notice of Removal, ¶ 5 at p. 3. Plaintiff thereafter filed the present Motion to Remand.

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441. After a case is removed to federal court, section 1447(c) affords two grounds for remand: (1) a defect in removal procedure; or (2) a lack of subject matter jurisdiction.

It is well established that federal courts are courts of limited jurisdiction and, as such, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v.*

*Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)(citing *Willy*, 855 F.2d at 1164). The party seeking removal, Defendant in this case, bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.   Existence of Federal Question Jurisdiction

Defendant contends that this Court has subject matter jurisdiction over this case based upon federal question jurisdiction. Notice of Removal [1-1], ¶ 4, at p. 2. Count IV of Plaintiff's Complaint asserts a claim pursuant to 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ["FDCPA"], and raises the following factual allegations:

> 49. Seal is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
> 50. Seal incurred this financial obligation for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely her home located at 10146 Vidalia Road, Pass Christian, Mississippi 39571.
> 51. Defendants, Massey and the loan servicer are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

Compl. [1-1], ¶ 49-51, at p. 8.

Federal question jurisdiction arises by: 1) pleading a cause of action created by federal law; or 2) filing a state law claim that implicates significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).

> '[A] federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.' *Bernhard v. Whitney Nat'l Bank,* 523

> F.3d 546, 551 (5th Cir. 2008). The fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction. *Id.* at 550.

*Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008); *see also Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

"[T]he propriety of removal depends on whether the case falls within the provisions of 28 U.S.C. § 1331 that: 'The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Willy,* 855 F.2d at 1164 (quoting 28 U.S.C. § 1331).

While Plaintiff's Motion to Remand does not address whether federal question jurisdiction exists, it is apparent from the face of the Complaint, specifically Count IV, that Plaintiff has asserted a claim pursuant to 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ["FDCPA"]. As such, this Court has subject matter jurisdiction over this suit pursuant to section 1331. Because federal question jurisdiction exists in this case, the Court need not resolve whether diversity jurisdiction exists by virtue of any alleged improper joinder of Defendant Shapiro & Massey.

C.  Supplemental Jurisdiction

The Court concludes that it has original federal question jurisdiction over Plaintiff's FDCPA claim. The Court is further of the opinion that it should exercise supplemental jurisdiction over Plaintiff's remaining state law claims, pursuant to 28 U.S.C. § 1367(a), because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28

U.S.C. § 1367(a). The Court further finds that there is no reason for it to decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (c).

### III. CONCLUSION

This case was properly removed from the Circuit Court of Harrison County, Mississippi, First Judicial District. This Court has subject matter jurisdiction over this suit pursuant to section 1331 of Title 28 of the United States Code, and the case will proceed in this Court against the named Defendants. For the reasons stated herein, the Court finds that Plaintiff's Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [9] the above styled and numbered cause to state court, filed October 31, 2011, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 4th day of May, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE