IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TANGELA D. SEAL | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:11CV390HSO-RHW |
| | § | |
| SHAPIRO & MASSEY, LLP, ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT JP MORGAN CHASE BANK'S MOTION TO DISMISS**

THIS CAUSE COMES BEFORE THE COURT upon the Motion of Defendant JP Morgan Chase Bank ["Chase"] filed November 8, 2011 [13], to Dismiss the above styled and numbered civil action pursuant to FED. R. CIV. P. 12(b)(6). Tangela Seal ["Plaintiff"] filed a Response in Opposition [19], on November 17, 2011, and Chase filed a Rebuttal [22], on December 8, 2011. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Chase's Motion to Dismiss should be denied.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on September 16, 2011, in the Circuit Court of Harrison County, Mississippi, First Judicial District. Compl. [1-1], att. as Ex. 1 to Notice of Removal. Plaintiff's Complaint asserts claims for "wrongful disclosure," slander of title, private nuisance, and violation of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ["FDCPA"], relating to a February 2, 2002,

-1-

mortgage loan in the principal amount of $73,792.00, which Plaintiff and James R. Seal entered into with Long Beach Mortgage Company. Compl., [1-1], ¶ 35-56, at pp. 6-9. Specifically, Plaintiff asserts that the real property that secured the mortgage loan was "willfully, recklessly, and negligently foreclosed upon on April 22, 2011." Compl., [1-1], ¶¶ 22, 27 at pp. 4-5. Plaintiff seeks actual damages, statutory damages, punitive damages, attorneys' fees, and costs.

Chase removed the case to this Court on October 18, 2011, contending that removal was proper pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Plaintiff filed a Motion to Remand [9], which the Court denied by Order [28] entered on May 4, 2012. Chase now moves to dismiss Plaintiff's Complaint in its entirety, pursuant to FED. R. CIV. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## II. DISCUSSION

A. <u>Legal Standard</u>

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that:

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under FED. R. CIV. P. 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

Chase moves for dismissal of Plaintiff's Complaint on the following grounds: 1) Defendants had legal standing and were legally entitled to conduct the foreclose on the subject property; 2) Plaintiff's prior interests in the subject property were "extinguished" by the foreclosure, thus Plaintiff cannot maintain a claim for slander of title; 3) Plaintiff cannot maintain a cognizable claim for private nuisance inasmuch as she had no right to "use and enjoyment" of the subject property following the foreclosure; and 4) Defendants are not subject to liability under the FDCPA because they are not "debt collectors," and Plaintiff's conclusory allegations are insufficient to state a viable claim under the FDCPA for impermissible "communication." Def's Mot.

to Dismiss [13] at pp. 3-4.

Plaintiff's Complaint [1-1] includes specific factual allegations related to the purported wrongful foreclosure, ¶¶ 35-40, and the alleged FDCPA violation, ¶¶ 48-56. The Court has reviewed and considered these, together with the other facts pled in the Complaint, and is persuaded that, at this juncture, Plaintiff has pled sufficient facts in support of her allegations to withstand Chase's FED. R. CIV. P. 12(b)(6) challenge. Accordingly, the Motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court, finds that Chase's Motion to Dismiss [14], filed pursuant to FED. R. CIV. P. 12(b)(6), should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion of Defendant, JP Morgan Chase Bank, to Dismiss [14] Plaintiff's Complaint [1-1], pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 7th day of May, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE